### SCHLESINGER v. RACHMIL.

(Supreme Court, Appellate Term. May 23, 1905.)

COUNTERCLAIM—MUNICIPAL COURT ACT—ACTION BY RECEIVER—AFFIRMATIVE JUDGMENT.

> Under Laws 1902, p. 1539, c. 580, § 152, subd. 3 (Municipal Court Act), providing that if the plaintiff is a trustee for another, or if the action is in the name of the plaintiff, who has no actual interest in the contract on which it is founded, a demand against the plaintiff shall not be allowed as a counterclaim, but so much of a demand existing against the person whom he represents, or for whose benefit the action is brought, as will satisfy the plaintiff's demand, must be allowed as a counterclaim, an affirmative judgment on a counterclaim cannot be rendered in an action by a receiver.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Leo Schlesinger, as receiver, against Hyman Rachmil. Judgment for defendant, and plaintiff appeals. Judgment modified, and, as modified, affirmed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Kneeland, La Fetra & Glaze (Charles E. Thorn, of counsel), for appellant.

Goldfogle, Cohn & Lind, for respondent.

PER CURIAM. Under subdivision 3, § 152, Municipal Court Act (Laws 1902, p. 1539, c. 580), all that defendant was entitled to was to set off against plaintiff's claim so much of the amount claimed by defendant as would satisfy plaintiff's demand. The section forbids an affirmative judgment upon the counterclaim.

The judgment must be modified so as to dismiss the complaint upon the merits, and, as so modified, will be affirmed, without costs.